UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EMISAEL VASQUEZ TIRADO : | |
| : | PRISONER |
| v.            : | Case No. 3:09cv743 (VLB) |
| : | |
| DAVID N. STRANGE : | February 19, 2010 |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state court conviction on the ground that he was afforded ineffective assistance by his trial counsel. For the reasons that follow, the petition is DENIED.

### I. Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in federal court. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

A federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir.), cert. denied, 537 U.S. 909 (2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision.  Carey v. Musladin, 549 U.S. 70, 74 (2006).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court, or if it decides a case differently than the Supreme Court on essentially the same facts. Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable, "a substantially higher threshold."  Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  Id.; see also Boyette v, Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or a presumption of correctness is afforded to state court findings where the state court has adjudicated constitutional claims on the merits).  Because collateral review of a conviction applies a different standard than that applied pursuant to a direct appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition.  Brecht v. Abrahamson, 507 U.S.

619, 634 (1993).

## II.  Background

The Petitioner was charged with assault in the first degree for stabbing and severely wounding a victim following a dispute over a neighborhood dice game. The victim claimed that the Petitioner was the aggressor while the Petitioner claimed that he acted in self-defense.  See Vasquez v. Commissioner of Correction, 111 Conn. App. 282, 284, 959 A.2d 10, 11, cert. denied, 289 Conn. 958, 961 A.2d 424 (2008).

Following a jury trial in the Connecticut Superior Court for the Judicial District of Waterbury, the Petitioner was convicted of first degree assault.  Following the verdict, the Petitioner was also found guilty of violation of probation.  See Resp't's Mem. App. Q, Feb. 20, 2002 Tr. at 46.  Relying in part on the Petitioner's fourteen prior felony convictions and twenty prior misdemeanor convictions, the court sentenced the Petitioner to serve twenty years on the assault conviction and four years, consecutive to the twenty year sentence, on the violation of probation conviction.  Id. , June 18, 2002 Tr. at 8.  The conviction was affirmed on direct appeal.  See State v. Vasquez, 80 Conn. App. 907, 838 A.2d 259 (2003) (per curiam), cert. denied, 267 Conn. 917, 841 A.2d 1190 (2004).

In December 2004, the Petitioner filed a petition for writ of habeas corpus in state court on the ground that his trial counsel provided ineffective assistance. Specifically, he alleged that his trial counsel failed to:  (1) secure the appearance of an alleged exculpatory witness, (2) raise the issue of the victim's ability to recall the incident, (3) raise issues regarding the witness' credibility, (4) impeach the

prosecution's witnesses, (5) adequately investigate the testimony of the victim's treating physician, (6) stop the prosecution from unfairly inquiring into the Petitioner's past criminal record and (7) object to the Petitioner's appearance at trial in handcuffs and shackles.  See Resp't's Mem. App. K, Petitioner's Brief on Appeal of Habeas Court's Decision, at 10-11.  Following an evidentiary hearing, the state court denied the petition in an oral ruling.  See Resp't's Mem. App. R, Dec. 11, 2006 Tr. at 83-86.  The Petitioner cited only two specific omissions of counsel on appeal: that trial counsel failed to impeach the victim's testimony and failed to cross-examine the victim's treating physician regarding possible amnesia.  See Respt's Mem. App. J, Appellant's Brief, at iii.  The asserted omissions support the petitioner's second, third, fourth and fifth habeas claims.  The denial was affirmed on appeal.  See Vasquez v. Commissioner of Correction, 111 Conn. App. 282, 959 A.2d 10, cert. denied, 289 Conn. 958, 961 A.2d 424 (2008).

### III.  Discussion

The Petitioner states that his trial counsel provided ineffective assistance by failing to cross-examine a key state's witness, conduct an adequate pretrial investigation, and effectively impeach perjured testimony by a state's witness.  The Petitioner does not identify which witness or witnesses are the subject of his counsel's failure to cross-examine and impeach.  The Petitioner states that he exhausted this claim in his state habeas action.  See Pet., Doc. #1, at 10.  Thus, the Court considers the claims raised here to be the same two claims that he raised before the Connecticut Appellate Court:  (1) that trial counsel provided ineffective assistance by failing to cross-examine the victim's treating physician because he

did not adequately investigate whether the victim could have been suffering from amnesia and (2) that trial counsel was ineffective by failing to impeach the victim's testimony.  See Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (requiring petitioner to present the same theory of ineffective assistance of counsel in state and federal court).

### A.  Procedural Default

The Connecticut Appellate Court determined that the Petitioner failed to include a specific claim that the trial counsel was ineffective due to his failure to impeach the victim in his amended petition.  The court declined to review the claim because it was not raised at the habeas hearing or decided by the habeas court.  See Vasquez, 111 Conn. App. at 284 n.1, 959 A.2d at 11 n.1.

The Respondent argues that the Petitioner is not entitled to federal habeas review of this claim because he procedurally defaulted on this claim in state court.  A state prisoner who defaults on his federal claim in state court pursuant to an independent and adequate state procedural rule cannot obtain federal habeas review of that claim unless he can demonstrate cause for the default and actual prejudice resulting from the default, or unless he can show that failure to consider the claim will result in a fundamental miscarriage of justice.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

The Connecticut Appellate Court routinely declines to review claims raised for the first time on appeal.  See State v. Koslik, 116 Conn. App. 693, 977 A.2d 275, 280-281 (2009) (citing cases demonstrating that the Connecticut Appellate Court will "not consider claims not made before the trial court and raised for the first time on

appeal"). To establish cause to excuse a procedural default, the Petitioner must identify some objective factor, external to the defense, that prevented the pro se litigant or his or her defense counsel from raising the claim. Such factors include an interference by state officials impeding compliance with state rules or a showing that the factual or legal basis for a claim was not reasonably available to defense counsel. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). The Petitioner has not identified any objective factors to excuse his failure to address this claim during his state habeas proceeding.

Nor can the Petitioner show that failure to consider this claim would result in a fundamental miscarriage of justice, that is, "the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To meet this exception, the Petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. . ." Schlup v. Delo, 513 U.S. 298, 316 (1995). There were no witnesses to the assault. The victim and the Petitioner testified at trial and presented contradictory versions of the assault. The Petitioner relies only on his trial testimony to demonstrate his innocence. This testimony, standing alone, does not cause the Court to lack confidence in the outcome of the trial. Thus, the failure to consider this claim will not result in a fundamental miscarriage of justice.

The Supreme Court has found a limited exception to the procedural default rule in exceptional cases. See Lee v. Kemna, 534 U.S. 362, 376, 383 (2002) (finding exception to the ability of a procedural default to foreclose federal review where the

state court applied a procedural rule requiring that all motions be in writing to an attorney's request for a brief continuance when an alibi witness had left the courthouse). The Court held that procedural default may not bar federal habeas review where the state court did not rely on the procedural rule, no state cases demand flawless compliance with the rule under the circumstances present, and the defendant substantially complied with the procedural rule. Id. at 381-83.

In this case, there is no question that the Petitioner failed to raise this issue during his state habeas proceeding. The appellate court considered only the issues raised by the Petitioner at the trial level pursuant to its consistent practice. See Koslik, 977 A.2d at 280. The Petitioner presents no evidence demonstrating why he failed to pursue this issue before the trial court or showing that the Connecticut Appellate Court does not routinely deny review of issues presented for the first time on appeal. Thus, the exception is not applicable. The Court concludes that the Petitioner's procedural default precludes federal habeas review of this claim.

### B.  Ineffective Assistance of Counsel

An ineffective assistance of counsel claim is reviewed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, the Petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him. Id. at 687-88. Counsel is presumed to be competent. Thus, the Petitioner bears the burden of demonstrating unconstitutional representation. See United States v. Cronic, 466 U.S. 648, 658 (1984). To satisfy the prejudice prong of the Strickland test, a petitioner must show

that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial. Strickland, 466 U.S. at 694. The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions. See Rompilla v. Beard, 545 U.S. 374, 381 (2005). To prevail, a petitioner must demonstrate both deficient performance and sufficient prejudice. See Strickland, 466 U.S. at 700. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

In analyzing this claim, the state court applied the standard established in Strickland, as set forth above. Because the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of Section 2254(d)(1). The court will consider the last reasoned state court decision to determine whether the decision is an unreasonable application of federal law. See Ylst v. Nunnemaker, 501 U.S. 797, 803-804 (1991). Here, the court reviews the Connecticut Appellate Court's decision affirming the denial of the petition for writ of habeas corpus.

To support his claim that trial counsel was ineffective in failing to cross-examine the victim's treating physician and to adequately investigate whether the victim could have been suffering from amnesia, the Petitioner presented the testimony of Dr. Joseph Dineen, the surgeon who treated the victim following the assault and testified for the prosecution at trial.

Dr. Dineen testified that, following the assault, Johnson, the victim, was

driven to the emergency room at St. Mary's Hospital.  When the victim was walking, unassisted, into the emergency room, he fell and hit his head on the pavement.  The victim had low blood pressure, which indicated a diminished flow of blood to the brain.  After the fall, Dr. Dineen observed blood flow from the victim's ears, indicating that the victim suffered from intra-cranial pressure caused by head trauma.  The victim was immediately treated however, for his most severe injury, the laceration to the right ventricle of his heart.  Dr. Dineen opined on the possible causes and likely duration of amnesia.  He testified that anterograde and retrograde amnesia could result from head trauma or from trauma to other parts of the body that caused loss of blood and reduced blood flow to the brain.  Amnesia can also be caused by anesthesia and pain medications.  If present, such amnesia is temporary and memory would improve following discharge from the hospital.  See Vasquez, 111 Conn. App. at 284 n.2, 959 A.2d at 11 n.2.  At trial, the doctor was not questioned regarding the possibility of amnesia and was not asked whether amnesia would affect the victim's ability to remember the assault at the time of trial.  Id. at 286, 959 A.2d at 12.

   Thus, Dr. Dineen did not testify that the victim suffered from amnesia.  The habeas court found that the victim's "most relevant testimony at the criminal trial concerned what had transpired during the dice game that led to the stabbing.  In that regard, the court found specifically that Johnson's testimony is clear.  It is concise.  It is internally consistent  and there is no indication of any amnesia . . . Johnson's testimony of what happened following the stabbing, when he was in the hospital, however, was vague.  Dineen testified at the habeas trial that Johnson

9

*could have* suffered some sort of amnesia, but Dineen did not testify that amnesia was a certainty.  According to Dineen, Johnson suffered some sort of temporary memory loss that improved after his discharge and that was a typical course of recovery.  The court concluded that trial counsel's examination of Dineen arguably was deficient but that the petitioner failed to demonstrate that had trial counsel examined Dineen with regard to Johnson's alleged memory loss, the outcome of the criminal trial would have been different, because the answer to that question would amount to speculation." Id. at 284-85 (emphasis added; quotations marks omitted).

The issue before the jury was unrelated to the victim's treatment and hospital stay.  The jury had to determine the credibility of the victim and Petitioner regarding their differing accounts of the dice game and assault.  The appellate court concluded that the lack of evidence that the victim ever suffered from amnesia regarding the dice game and assault, along with the fact that he was able to clearly remember the incident at the time of trial, supported a finding that the Petitioner was not prejudiced by trial counsel's failure to explore the victim's memory loss through pretrial investigation and cross-examination.  Thus, the Connecticut Court of Appeals determined that the Petitioner failed to establish that his trial counsel was ineffective and that the habeas court had properly denied the petition for writ of habeas corpus.

Upon careful review, this Court concludes that the state court properly applied the Strickland standard in determining that the Petitioner failed to establish prejudice as a result of his trial counsel's representation.  Thus, the state decision is not an unreasonable application of federal law.  The petition for writ of habeas

corpus is denied on this ground.

### IV.  Conclusion

The petition for writ of habeas corpus [Doc. #1] is DENIED.  The Clerk is directed to enter judgment in favor of the Respondent, and to close this case.

The court concludes that the Petitioner has not shown that he was denied a constitutionally or federally protected right.  Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

IT IS SO ORDERED.

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut:  February 19, 2010.