UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EMISAEL VASQUEZ TIRADO | : | |
| | : | PRISONER |
| v. | : | Case No. 3:09cv743 (VLB) |
| | : | |
| DAVID N. STRANGE | : | |

## RULING ON MOTION FOR RECONSIDERATION

On February 22, 2010, the Court denied the petition for writ of habeas corpus. On June 16, 2010, the petitioner filed his motion for reconsideration of that decision. Although captioned a motion for reconsideration, the petitioner seeks relief from judgment pursuant to Federal Rules of Civil Procedure 60(b)(1).[1]  Rule 60(b)(1) provides that a judgment may be set aside if the judgment was the result of mistake, inadvertence, surprise, or excusable neglect.

The petitioner suggests that he inadvertently failed to identify the state's witness. Doc. #16 at 8, ¶ 21. The Court, however, assumed that the petitioner's argument was directed to the victim's physician. Thus, the petitioner's failure to specifically identify the witness did not affect the Court's analysis or decision and

---

[1]The petitioner also cites Fed. R. Civ. P. 81(a) and 28 U.S.C. § 1651(a). Rule 81(a) provides that the Federal Rules of Civil Procedure apply to habeas corpus proceedings. Section 1651(a) provides that the Court may issue a writ of habeas corpus. As the Court has not declined to apply the Federal Rules of Civil Procedure and does not question its ability to issue a writ of habeas corpus where required, no analysis is required under this rule or statute.

does not warrant relief from judgment.

The petitioner first addresses his argument that trial counsel was ineffective because he did not question the victim's physician regarding the possibility that the victim's memory of the assault at the time of trial was affected by amnesia and whether the physician knew the details of the incident. Id. at 8-10, ¶¶ 22-28. The petitioner argues that, if trial counsel had properly questioned the physician, the jury might have had "a shadow of a doubt" whether he was the assailant. Id. at 11, ¶ 32.

The Court considered trial counsel's questioning of the victim's physician. The physician testified at the state habeas hearing, but no evidence was obtained regarding the questions the petitioner now claims would have created doubt in the minds of the jury. The physician testified that, if the victim suffered from amnesia, the amnesia would have been temporary and his memory would have improved following his discharge from the hospital. See Vasquez, 111 Conn. App. at 284 n.2, 959 A.2d at 11 n.2. The petitioner did not question the physician regarding whether the victim suffered from amnesia at any particular time or whether possible amnesia would have affected his ability to remember the assault at the time of trial. See id. at 286, 959 A.2d at 12. Based on the evidence presented, the state court determined that trial counsel was not ineffective regarding his questioning of the physician.

This Court considered the evidence presented to the state court and reviewed the Connecticut Appellate Court's decision. The petitioner cannot obtain relief from judgment by presenting arguments to this Court that he could have, but did not,

present to the state court. Before the federal court will consider a claim of ineffective assistance of counsel, the allegations must have been presented to the state courts to allow those courts "the opportunity to consider all the circumstances and the cumulative effect of the claims as a whole." Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (internal quotation marks omitted; emphasis in original). Adding new factual allegations at the federal level may change the claims that were presented at the state level and render the claim unexhausted; the state courts would not have been apprised of "both the factual and legal premises" of the federal claim. Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997). In addition, even if the Court were to consider these arguments, the petitioner has presented no evidence to support his allegations that the victim suffered from amnesia at the time of trial or that his prior possible amnesia affected his trial testimony.

When reviewing a state habeas decision, this Court must determine whether the state court reasonably applied Supreme Court law. The federal court does not undertake a de novo review. See Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Williams v. Taylor, 529 U.S. 362, 411 (2000) ("a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."). Here, the Court concluded that the decision of the Connecticut Appellate Court, reviewing the evidence presented at the state habeas hearing, was reasonable. Thus, habeas relief was denied on this claim.

The petitioner also revisits his claim that trial counsel failed to conduct an adequate pretrial investigation. Doc. #16 at 12, ¶ 33. The Court denied this claim on the ground of procedural default and determined that the petitioner failed to overcome the default. The Court noted that there were no witnesses to the assault. The petitioner relied only on his version of the incident to support his claim of innocence. The petitioner has presented no evidence in his motion suggesting that this Court' determination was improper. The petitioner's opinion is insufficient to warrant relief from judgment.

The petitioner's motion for reconsideration [Doc. #16] is DENIED. Any appeal from this order would not be taken in good faith and a certificate of appealability will not issue.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 30th, 2010.